# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BRYAN E. SHEPPARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 13-00935-CV-W-FJG |
| ) | Crim No. 96-00085-04-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Currently pending before the Court is Bryan E. Sheppard's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

### I. BACKGROUND

Bryan E. Sheppard is currently serving a life sentence without parole. On February 26, 1997, Sheppard, along with four others was convicted of the capital offense of aiding and abetting arson which caused the death of six Kansas City, Missouri firefighters. Sheppard's sentence was imposed on July 6, 1997, after the judge determined that the appropriate base offense level was 43. This offense level carried a mandatory sentence of life imprisonment. Sheppard appealed his sentence to the Eighth Circuit, which affirmed his conviction on October 30, 1998. Sheppard filed a petition for a writ of certiorari in the United States Supreme Court which was denied on October 4, 1999. Sheppard filed his first § 2255 motion on September 28, 2000. This motion was denied by this court on July 11, 2003. Sheppard appealed that denial, but the appeal was denied on February 27, 2004.

On June 25, 2012, the Supreme Court issued its decision in Miller v. Alabama, 567 U.S. ___,132 S.Ct. 2455, 2460,183 L.Ed.2d 407 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" On September 9, 2013, the Eighth Circuit authorized petitioner to file a successive habeas petition based on this decision. Sheppard was born on March 5, 1971, thus he was 17 years and 8 months old, on November 29, 1988, the date of the crime.

In his petition, Sheppard argues that he is entitled to be resentenced because the Supreme Court's decision in Miller is a substantive rule of law that should be applied retroactively to cases on collateral review[1]. Sheppard also argues that the sentence which was imposed upon him was a mandatory sentence under the guidelines which were then in effect. The sentencing judge had no discretion to impose anything other than a sentence of life in prison without the possibility of parole once the Court determined that the base offense level was 43. Because the sentence which was imposed upon him gave the judge no discretion, Sheppard argues that his sentence should be vacated and the Court should conduct a new sentencing hearing in which he will be allowed to present mitigating evidence in support of a sentence which is less than life in prison without the possibility of parole.

---

[1] The Court notes that the Government did not argue that Miller should not be applied retroactively to this case. However, the Court would note that some courts have disagreed on this point. See Martin v. Symmes, No. 10-CV-4753(SRN/TNL), 2013 WL 5653447,*15 (D.Minn. Oct. 15, 2013) and Flowers v. Roy, No. 13-1508 (JNE/SER), 2014 WL 1757898,*6 (D.Minn. May 1, 2014). It does not appear that the Eighth Circuit has definitively spoken to the issue to date. The Eighth Circuit decision which authorized Sheppard to file a successive habeas petition was granted without any discussion of this issue or direction to the lower court. In light of the Government's acquiescence on this point, the Court will decline to address it.

In response, the Government states that it "believes that this Court should grant Sheppard's petition to vacate the sentence and conduct a new sentencing hearing limited only to presenting mitigating factors as set forth in <u>Miller v. Alabama</u>, 567 U.S.__, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The district court should consider these facts, develop a proper record concerning the sentencing and determine whether any <u>Miller</u> violation was harmless under <u>Brecht [v. Abrahamson</u>, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)]." (Government's Response, Doc. No. 11, p. 7).

In reply, Sheppard argues that the Government's argument that the <u>Brecht</u> harmless error standard should apply is logically inconsistent with its concession that Sheppard should be resentenced. Additionally, Sheppard argues that where an unconstitutional mandatory sentencing scheme prevents a court from imposing a lesser sentence, the constitutional error cannot be considered harmless. Sheppard states that the violation of imposing a mandatory life sentence on a juvenile cannot be considered harmless where the record shows the district court failed to consider any factor relevant to Sheppard's youth or consider any other individualized factors. Additionally, Sheppard argues that the sentencing hearing should not be as limited as the Government suggests and notes that the factors mentioned by the Supreme Court are quite broad and go beyond the issue of chronological age and general characteristics of youth. Sheppard notes that some of the factors mentioned by the Supreme Court include: 1) "the background and mental and emotional development of a youthful defendant;" 2) susceptibility "to influence and to psychological damage;" 3) "the character and record of the individual offender [and] the circumstances of the offense"; 4) "the family and home environment that surrounds him"; 5) "the extent of his participation in the conduct

and the way familial and peer pressures may have affected him" and 6) the juvenile's potential for rehabilitation and capacity for change. Miller, 132 S.Ct. at 2464-2468. Sheppard argues that Miller contemplates "sentencing based not only on the general characteristics of youth, but on the individual characteristics of the particular juvenile and his personal culpability." (Reply Suggestions, p. 5).

After review of the applicable law and the parties' briefs, the Court finds that Sheppard is entitled to be resentenced pursuant to the Miller decision and that he may submit to the Court any characteristics or mitigating factors which he believes are relevant to the Court's resentencing determination. Accordingly, the Court hereby **GRANTS** movant's Amended Motion to Vacate, Set Aside or Correct Sentence (Doc. # 1). The Court hereby **ORDERS** that:

1) The Probation Office shall prepare an updated Presentence Investigation Report;

2) Counsel shall prepare sentencing memoranda to be submitted to the Court on or before **September 26, 2014**.

3) The Court will schedule a teleconference with the parties after reviewing their memorandum and the updated PSI report and will set a date for the resentencing after conferring with counsel.


Date:   August 25, 2014                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                               Fernando J. Gaitan, Jr.
                                                               United States District Judge